UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY LEE BALDWIN,
Plaintiff,

v.

TINA NIETO,
Defendant.

Case No. 25-cv-05908-PCP

**ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST**

Anthony Baldwin filed this *pro se* civil rights action under 42 U.S.C. § 1983 regarding events which occurred while he was incarcerated in Monterey County, California. Dkt. No. 1. The Court screened Mr. Baldwin's original complaint and identified multiple legal defects therein. Dkt. No. 12. The Court gave Mr. Baldwin an opportunity to amend his pleadings to explain, *inter alia*, why this action should not be dismissed for failure to exhaust before filing suit. *See id*.

Mr. Baldwin filed an amended complaint. Dkt. No. 13 ("Amended Complaint"). The Court has reviewed the amended complaint and concludes that Mr. Baldwin failed to exhaust his administrative remedies before filing suit. This action accordingly is DISMISSED.

## I. Background

As a defendant, Mr. Baldwin names Monterey County Sheriff Nieto, the "Jail Commander" as a "John/ Jane Doe"; a John Doe attending physician; and two Jane Doe nurses. *See* Am. Compl. at 2.

Mr. Baldwin states that he is an opioid addict who, since December 2021, has received treatment via a methadone maintenance program. *See id*. He alleges that Monterey County Jail prohibits all inmates from using methadone. *See id*.

On an unspecified date prior to March 2025, Mr. Baldwin was arrested and spent a night in

United States District Court
Northern District of California

Monterey County Jail. *See id*. at 3. From that experience, Mr. Baldwin was aware of Monterey County's prohibition on methadone use. *See id*. ("[B]ecause that one night in jail I was made aware of Monterey County Jail[']s blanket prohibition against methadone."). Mr. Baldwin raised his concerns regarding this prohibition at his sentencing hearing which occurred on March 14, 2025, and at his pre-booking medical screening which occurred on an unspecified date. *See id*. Mr. Baldwin was denied methadone upon his entry to Monterey County Jail on March 14, 2025, and began to experience withdrawal symptoms by March 16, 2025. *See id*. at 2, 4.

Mr. Baldwin was transferred from Monterey County Jail to Santa Cruz County Jail on or after April 1, 2025. *See id*. at 2. Mr. Baldwin filed his first grievance regarding his methadone prescription on May 17, 2025, after having been transferred to Santa Cruz County Jail. *See id*. at 30.

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis

Mr. Baldwin's federal claims are unexhausted and thus not cognizable.

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 578 U.S. 632, 638–39 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions). All available remedies must be exhausted, and exhaustion is a prerequisite to suit. *See Porter,* 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 741 (2001). District courts lack discretion to ignore a failure to

exhaust. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

Mr. Baldwin admitted on the face of his original complaint that he failed to exhaust his claims. *See* Dkt. No. 1 at 2. The Court identified this defect, explained the mandatory exhaustion requirement, and ordered Mr. Baldwin to explain why exhaustion should be excused. *See* Dkt. No. 12 at 2–3. In response, Mr. Baldwin argued that exhaustion should be excused because he "was not [at Monterey County Jail] long enough to exhaust administrative remedies," as he was there for only "17 days." Am. Compl. at 2. The Court construes this statement as an argument that exhaustion was not required because administrative remedies were not available.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at 739–40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citation and internal quotation marks omitted). The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 84. Rather, the PLRA requires proper exhaustion. *Id.* at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91 (footnote omitted).

Here, exhaustion is not excused because administrative remedies were available, but Mr. Baldwin still failed to exhaust. Although Mr. Baldwin argued he did not have sufficient time to exhaust because he was only in Monterey County Jail for 17 days, Monterey County requires inmates to file any grievance "*within 14 days* of the complaint or issue." Monterey County Sheriff's Office, Monterey County SO Custody Manual § 610.3 (emphasis added). As noted above, Mr. Baldwin was aware of the challenged policy by March 14, 2025 at the latest, and began to suffer physical effects from that policy by March 16, 2025. *See* Am. Compl. at 3–4. Mr. Baldwin thus was required to file his grievance no later than Monday, March 31, 2025. On this

date, Mr. Baldwin still was detained in Monterey County Jail, and so the deadline for him to file a grievance passed while he was still capable of doing so. *See id*. at 2 (stating he was not moved to Santa Cruz County Jail until on or after April 1, 2025). Also as noted above, Mr. Baldwin did not file a grievance until May 17, 2025, when he sought relief from Santa Cruz County Jail. *See id*. at 30. Mr. Baldwin thus failed to comply with Monterey County Jail's deadline for filing grievances, and failed to give Monterey County Jail even an untimely opportunity to address his grievance. Because Mr. Baldwin failed to exhaust, all his federal claims must be dismissed.

By its terms, the exhaustion requirement applies to federal claims. 42 U.S.C. § 1997e(a). Mr. Baldwin's failure to exhaust is thus not necessarily fatal to his state-law claims. However, as the Court previously noted, it cannot exert supplemental jurisdiction over Mr. Baldwin's state-law claims unless it first has original jurisdiction, *i.e*. unless Mr. Baldwin has stated a cognizable federal claim. *See* 28 U.S.C. § 1367(a); *see also id.* at § 1367(c)(2–3) ("The district courts may decline to exercise supplemental jurisdiction … if …the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] the district court has dismissed all claims over which it has original jurisdiction ….”). As all Mr. Baldwin's federal claims are barred by his failure to exhaust, the Court cannot consider his state-law claims.

## IV. Conclusion

1. Mr. Baldwin's federal claims are unexhausted and the Court cannot exercise supplemental jurisdiction over his state-law claims. This action therefore is DISMISSED.

2. Dismissal is WITH PREJUDICE as to Mr. Baldwin's federal claims against Monterey County.

3. This dismissal does not affect Mr. Baldwin's other pending federal actions, nor does it affect Mr. Baldwin's ability to seek relief on his state-law claims against Monterey County in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

United States District Court
Northern District of California

Dated: July 28, 2026

P. Casey Pitts
United States District Judge